# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51523

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 8, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRYNN MARIE CLOSE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction and unified term of eight years, with a minimum period of confinement of four years, for aggravated assault with an enhancement for use of a deadly weapon, <u>affirmed</u>; <u>case remanded for corrections to and distribution of presentence investigation report.</u>

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

Brynn Marie Close was found guilty of aggravated assault (Idaho Code § 18-905(a)) with an enhancement for use of a deadly weapon (I.C. § 19-2520). At the sentencing hearing, Close informed the district court of errors in the presentence investigation report (PSI). The State did not object and the district court agreed to make the corrections; however, there is no notation or addendum reflecting the changes in the record. The district court sentenced Close to a unified term of eight years, with a minimum period of confinement of four years and retained jurisdiction.[1]

---

[1]     After the period of retained jurisdiction, Close was placed on probation for three years.

1

Close appeals, contending that the district court abused its discretion in failing to redline the errors in the PSI and by imposing an excessive sentence.

Close requests that this Court remand this case to the district court to ensure that the corrections to the PSI are reflected in the PSI and that a corrected copy of the PSI is distributed to the Idaho Department of Correction (IDOC). The State agrees to a limited remand to the district court. Consequently, we remand this case to the district court for the limited purpose of ensuring that the corrections to the PSI are redlined, a copy of the redlined PSI is made part of the district court's record, and the redlined PSI report is transmitted to IDOC in accordance with Idaho Criminal Rule 32. *See State v. Greer*, 171 Idaho 555, 563, 524 P.3d 386, 394 (2023).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The parties agree that a remand for the limited purpose of ensuring the corrections are reflected in the PSI and distributed to IDOC is appropriate. Close's judgment of conviction and sentence are affirmed. Case remanded for corrections to and distribution of PSI.